PER CURIAM:
Claimant brought this action for damage to her vehicle which occurred when she was operating her vehicle on Old Route 50 near West Union, in Doddridge County, and the vehicle struck a large rock in the road. Respondent was responsible at all times herein for the maintenance of Old Route 50 in Doddridge County. The Court is of the opinion to deny this claim for the reasons set forth more fully below.
The incident giving rise to this claim occurred on October 11,2002, sometime in the afternoon. Claimant was traveling westbound on Old Route 50 to her home in West Union, Doddridge County. She was driving her 1983 Ford Escort Stationwagon. It had been raining earlier in the day but according to claimant there was no precipitation at the time this incident occurred. Claimant was traveling through an area known locally as the “cut” because the road goes through a cut made in the mountain. She estimates that she was traveling forty-five to fifty miles per hour in a fifty-five mile per hour zone. There was a truck in front of her and a car behind her, which car was driven by Sandra Holcombe, a friend of claimant’s and a witness to the incident. Suddenly, claimant saw a large rock in the middle of her lane of travel. She stated that she was unable to maneuver the vehicle to the right onto the berm because the vehicle would strike the ditch, and there was an oncoming vehicle in the other lane. Thus, she stated that she had no choice but to drive over the rock which caused significant damage to her vehicle including damage to the converter, muffler, and tailpipe. Sandra Holcombe testified that after claimant’s vehicle struck the rock, it broke into numerous smaller pieces. Fortunately, claimant was not injured and she was able to drive her vehicle to respondent’s local station approximately one-half mile away to report the incident. Claimant testified that the rock her vehicle struck was approximately eighteen inches high and eighteen inches wide. According to claimant, she could not see the rock in the road due to the large truck in front of her blocking her view. She estimated that she was a car length away from the rock when she saw it. Claimant stated that the truck in front of her was high enough off the ground to avoid striking the rock. Old Route 50 at this location is a two-lane, blacktop road with a double yellow center line and white lines on both edges. There are berms on both sides of the road. In addition, there are hills on both sides of the road. Claimant testified that the rock came from the hillside on her right where the hill is steeper. Claimant also testified that she travels this road two or three times per day and that she is aware that this is a rock fall area. However, she stated that she has only seen smaller rocks fall on the side of the road. She has never seen a large rock in the road prior to this incident.
Claimant contends that respondent failed to take adequate measures to protect the traveling public from a known rock fall hazard.
Respondent asserts that it acted reasonably and diligently in protecting the traveling public from falling rocks at this location and that it did not have notice of this particular hazard.
Larry Williams, assistant supervisor for respondent in Doddridge County, is responsible for maintaining the roads in Doddridge County, which includes the portion of Old Route 50 at issue and he is familiar with this location. According to Mr. Williams, this location is a known rock fall area and respondent occasionally receives complaints of rocks in the road. In addition, there are no rock fall warning signs at this location. Mr. *64 Williams testified that when this portion of road was built, benches were built into the rock wall on the right side of the road. The benches are located high above the road and are approximately twenty feet wide. The benches were created to catch the rocks that fall and prevent them from continuing to roll down the hill and onto the road. According to Mr. Williams, this is the first large rock that he is aware of that has fallen onto the road. He stated that it is very rare for rocks to fall onto the road at this location and that when they do they are small. Further, he stated that the benches are preventing the large rocks from falling onto the road. Mr. Williams also testified that neither he nor respondent had notice of this particular rock in the road, until claimant reported the incident.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 81 (W.Va.l 947). This Court has consistently held that the unexplained falling of a rock or rock debris on the road surface is insufficient to j ustiiy an award. Mitchell v. Division of Highways, 21 Ct. Cl. 91 (1996); Hammond v. Dept. of Highways, 11 Ct. Cl. 234 (1977). In order to establish liability on behalf of respondent, claimantmustestablish by a preponderance of the evidence that respondent had notice of the dangerous condition and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In this claim, the claimant failed to establish that respondent had not taken adequate measures to protect the safety of the traveling public from rock falls at the location of this incident. Respondent built adequate benches along the side of the hill which the evidence established caught the large rocks. In addition, the evidence established that respondent did not have notice of any large rocks falling onto the road at this location until after claimant’s incident. While the Court is sympathetic to claimant’s plight, the fact remains that there is no evidence of negligence on the part of respondent upon which to base an award.
Therefore, in view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.